UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
BASF CATALYSTS LLC            )
                              )
        Plaintiff             )
                              )
   vs.                        )   CAUSE NO. 2:07-cv-222
                              )
ARISTO, INC.; VICTOR ROSYNSKY,)
                              )
        Defendants            )
```

Opinion and Order

This matter is before the court on the Motion to Compel Defendant to Answer Interrogatories (DE 40) filed by the plaintiff, BASF Catalysts LLC, on April 18, 2008, and the Motion to Compel Defendant to Produce Documents and Answer Document Requests (DE 41) filed by the plaintiff on April 24, 2008. For the reasons set forth below, these motions are **GRANTED IN PART** and **DENIED IN PART**.

Background

This cause of action involves a patent infringement claim made by the plaintiff, BASF Catalysts LLC, against defendant, Aristo, Inc. BASF contends it legally holds United States Patent No. 5,866,210 entitled "Method for Coating a Substrate" ("the '210 patent"). (Comp. ¶ 6) The '210 patent claims a method for coating a substrate having numerous channels with a coating media. (Comp. ¶ 7) BASF contends that Aristo uses the coating method protected by the '210 patent to manufacture, market, distribute, and sell catalytic converters. (Comp. ¶ 9) The

catalytic converters made and sold by Aristo are in direct competition with those sold by BASF. (Comp. ¶ 10)

On November 5, 2007, BASF served its first set of requests for the production of documents and first set of interrogatories on Aristo. On February 1, 2008, Aristo submitted answers and objections to BASF's document requests and interrogatories. BASF subsequently filed its Motion to Compel and contends Aristo's production of documents and answers to interrogatories were deficient and seeks further production, answers, or in the alternative, clarification of the objections.

## Discussion

A party is entitled to conduct discovery on any matter that is "relevant to the claim or defenses of any party." Federal Rule of Civil Procedure 26(b)(1). Under the federal rules, relevancy in discovery includes information that may not be admissible, provided that "discovery appears reasonably calculated to lead to discovery of admissible evidence." Rule 26(b)(1); *Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002). The court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). See *Patterson v. Avery Dennison Corporation*, 281 F.3d 676, 681 (7th Cir. 2002) ("[T]he court should consider the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into

account society's interest in furthering the truthseeking function in the particular case before the court.") (internal citations omitted).

A party may move for an order to compel production or more adequate answers where such requests were not answered fully or if the requests were objected to and such objections were not stated with specificity. Federal Rules of Civil Procedure 33(b)(3) and (4). The party moving to compel an answer to an interrogatory has the burden of proving that the opposing party's answers were incomplete. Rule 33(a)(2)(B). Likewise, a party objecting to a discovery request "bears the burden of sustaining its objections." *Ziemack v. Centel Corp.*, 1995 WL 729295, at *1 (N.D. Ill. 1995) (citations omitted).

In suits for alleged patent infringement where answers to interrogatories relating to affirmative defenses are incomplete and inadequate, the court may direct the violating party to serve particularized answers. *Gellman v. Friedman*, 143 F.Supp. 383, 384 (S.D.N.Y. 1956). However, where a party asserts that the opposing party's answers are evasive, incomplete, and non-responsive, the complaining party must indicate how the responses were deficient in order for the court to determine what additional information is being sought. *Washington v. Thurgood Marshall Academy*, 232 F.R.D. 6, 9 (D.D.C. 2005).

Regarding the interrogatories, BASF contends that 18 of Aristo's 20 interrogatory responses are deficient. Aristo claims it already has provided a complete response to many of the 20

interrogatories and those that fail BASF's expectations are contention interrogatories and cannot be answered at this time.

"The phrase 'contention interrogatory' is used imprecisely to refer to many different kinds of questions." *Ziemack*, 1995 WL 729295 at *2 (*quoting* **In re Convergent Technologies Sec. Litig.**, 108 F.R.D. 328, 332 (N.D. Cal. 1985)). Contention interrogatories can be classified as questions asking a party to: "indicate what it contends or whether the party makes some specified contention[;] . . . state all facts or evidence upon which it bases some specific contention; take a position and apply law and facts in defense of that position; or explain the theory behind some specified contention." *Ziemack*, 1995 WL 729295 at *2 (citations omitted). The basic premise of a contention interrogatory is to require a party to commit to a position and to give support for that position. *Ziemack*, 1995 WL 729295 at *2. In the interest of judicial economy and fairness, the answers to contention interrogatories often are delayed until the end of discovery. *Ziemack*, 1995 WL 729295 at *2. However, in the event such answers will meaningfully contribute to issue clarification, narrow the scope of the dispute, or provide for early settlement, they may be proper. **Edward Lowe Industries, Inc. v. Oil-Dri Corp. of America**, 1995 WL 399712 at *3 (N.D. Ill. 1995) (*quoting* **Fischer & Porter Co. v. Tolson**, 143 F.R.D. 93, 96 (E.D. Pa. 1992)). The twin aims of efficiency and fairness drive the court in determining whether a party should provide answers to early contention interrogatories. *Ziemack*, 1995 WL 729295 at *2. The

4

court may ask if early answers are likely to require multiple supplemental answers or require a party to commit prematurely to positions, thereby artificially narrowing the issues. *Ziemack*, 1995 WL 729295 at *2.

Specifically, BASF asked Aristo to state the factual basis for its contentions of license and patent coverage (No. 2), noninfringement (No. 3), invalidity (Nos. 5-7 and 13), inequitable conduct (No. 9), and other equitable defenses (Nos. 10-12).

Interrogatory No. 2 asked Aristo to identify any patents and licenses it contends cover the Aristo Coater, the Aristo Coater Product, and its operations. Aristo answered by stating that "the conduct on the part of the Plaintiff and its predecessor in interest entitled Defendant to believe that the Plaintiff would not enforce its rights under the '210 patent against Defendant, thereby constituting an implied license." Aristo further supplemented its answer to reiterate that it holds an implied license. Aristo's answer is complete, and therefore, BASF is not entitled to compel a more detailed answer.

Interrogatory No. 3 is correctly characterized as a contention interrogatory, but the question of whether Aristo should have to answer such contentions at this stage is not an issue. Aristo has given a particularized and specific response indicating the factual basis for its non-infringement contentions. Aristo stated:

> (1) the '210 patent is invalid but in the case it is found to be valid, its coater does

> not, literally or through the doctrine of
> equivalents, infringe the '210 patent.
>
> (2) the '210 patent is invalid because of
> inequitable conduct of failing to disclose
> the Shimrock '034 patent, of anticipation by
> Shimrock '034 patent, it is obvious, it fails
> to include complete description of and to
> enable claims, and it wrongly named two in-
> ventors.
>
> (3) the '210 patent is not infringed because
> the Aristo coater does not replenish the dip
> pan "while the substrate is being coated", as
> set forth by the limitations of the '210
> patent claim 5, and operates with an immer-
> sion depth setting .12 inches in contrast
> with claim 10 of the '210 patent.

BASF has failed to meet its burden of proof in showing the answer was deficient and did not specify what additional information it seeks. BASF sought factual support for Aristo's non-infringement contentions, which Aristo provided. Aristo stated its position and gave adequate support for its position. It does not seem likely a more detailed answer would contribute to issue clarification, narrow the scope of the dispute, or provide for early settlement. Therefore, an additional response to Interrogatory No. 3 is not required at this stage of the discovery process.

BASF also has asserted that Aristo's Answers to Interrogatory Nos. 5-7 and 13, regarding Aristo's invalidity contentions, are deficient. Again, early answers to contention interrogatories may be compelled where such answers would satisfy the twin aims of efficiency and fairness. Aristo's answers to Interrogatory Nos. 5 and 6 are adequate in defining why it believes the '210 patent is invalid in light of the Shimrock '034 patent.

6

Aristo's answers to Interrogatory Nos. 5 and 6 are not deficient at this stage of discovery and a more definitive answer is not required.

However, Aristo's answer to Interrogatory No. 7 is incomplete and inadequate. Aristo's answer states: "Claims five and nine are ambiguous and can be subject to varying interpretation and therefore fail to meet the requirements of 35 U.S.C. § 112." BASF correctly has identified this answer as incomplete and has requested Aristo to include a more adequate answer as to whether Aristo believes claims 1-4, 6-8, and 10-11 regarding the '210 patent also are invalid under 35 U.S.C. §112. Although this may be a contention interrogatory, Aristo already has proffered its position on claims 5 and 9, and fairness and judicial economy will be served by compelling Aristo to provide a more complete answer to Interrogatory No. 7.

Aristo's answer to Interrogatory No. 13 cross-references answers to Interrogatory Nos. 5, 6, 7, and 8. BASF has asserted that Aristo should be required to provide a full and complete response to Interrogatory No. 13 with respect to all claims of the '210 patent or be precluded from asserting invalidity of the patent under §112. Interrogatory No. 13 is an umbrella of Interrogatory Nos. 5-8 in that the question asks Aristo to restate all of its '210 patent invalidity claims. Aristo's answer to Interrogatory No. 7 is incomplete and thus makes Aristo's answer to Interrogatory No. 13 incomplete. Therefore, Aristo

must supplement Interrogatory No. 13 to include new information added to Interrogatory No. 7.

Next, BASF has asserted that Aristo should be compelled to answer Interrogatory No. 9 regarding Aristo's inequitable conduct defense. If a party withholds information from an examiner at the Patent and Trademark Office ("PTO"), the patent may be invalidated due to inequitable conduct when the information is discovered. *National Semiconductor Corp. v. Ramtron Intern. Corp.*, 265 F.Supp.2d 71, 77 (D.D.C. 2003). In order to rise to the level of inequitable conduct, the omitted information must be material in that it would influence an examiner's decision as to the merits of a claim. *National Semiconductor Corp.*, 265 F.Supp.2d at 77. A party seeking to have a patent invalidated must prove by clear and convincing evidence that the applicant provided a misrepresentation or omission of a material fact with the intent to deceive the examiner. *Hoffman-La Roche, Inc. v. Promega Corp.*, 323 F.3d 1354, 1359 (Fed. Cir. 2003)(citations omitted); *Sun-Flex Co. v. Softview Computer Prods. Corp.*, 750 F.Supp. 962, 963 (N.D. Ill. 1990)(citations omitted). A party's "allegations of inequitable conduct must be measured against the standards of Fed. R. Civ. P. 9(b)." *Sun-Flex Co.*, 750 F.Supp. at 963. Rule 9(b) requires that "the circumstances constituting fraud . . . shall be stated with particularity." In order to satisfy this heightened pleading standard, a party "must specify the time, place, and content of any alleged misrepresentations

that plaintiffs made to the PTO." ***Sun-Flex Co.,*** 750 F.Supp. at 963 (citations omitted).

Here, Aristo did not allege or give any support to its contention that BASF failed to disclose the Shimrock '034 patent with the intent to deceive or mislead the PTO. Additionally, Aristo did not state the material attributes of the Shimrock '034 patent that should have been outlined to the PTO prior to obtaining the '210 patent. Furthermore, by failing to specify the time, place, and content of any alleged misrepresentations made to the PTO, Aristo did not comply with the standards outlined by Rule 9(b). Aristo's defense could be stricken. However, the interrogatory is a contention interrogatory. A more complete answer would help clarify issues. Thus, Aristo must give a more particularized answer to Interrogatory No. 9 outlining the material facts that should have been disclosed to the PTO prior to authorization of the '210 patent and factual support of BASF's intent to deceive in its failure to disclose such information.

BASF also has argued that Aristo should be compelled to explain its equitable defenses in regards to Interrogatory Nos. 10-12. Interrogatory Nos. 10-12 address Aristo's affirmative defenses of laches (Interrogatory No. 10), implied license regarding the '210 patent (Interrogatory No. 11), and consent to use of the '210 patent (Interrogatory No. 11). Rule 26(b)(1) allows for broad discovery of any information relevant to a party's claim or defense. Relevant information encompasses "any matter that bears on, or that reasonably could lead to other

9

matters that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Aristo's answers to Interrogatory Nos. 10-12 reference BASF's alleged failure to disclose the Shimrock '034 patent to the PTO and BASF's alleged notice of the processes and methodology used by Aristo in the Aristo coater construction without objection. BASF has alleged that Aristo's answers were deficient, after which the answers were supplemented by directing BASF to responsive documents. Again, these are contention interrogatories that are only compelled if efficiency and fairness will be served. This court finds that at this stage of discovery, Aristo's answers are sufficient and the twin aims would not be served by forcing Aristo to state a more detailed answer.

Next, BASF has contended that Aristo's answers to Interrogatory Nos. 15-16, regarding willful infringement, are deficient and that the interrogatories seek factual (non-privileged) information. Aristo has responded that its answers are sufficient in identifying all the requested information gathered prior to the lawsuit but that any information gathered post-filing is privileged.

The work product doctrine can protect "documents and tangible things" prepared in anticipation of litigation that are both non-privileged and relevant. Rule 26(b)(3). The work product privilege may be overcome where a party can show substantial need for the information in preparation of the case and that the party

is unable, without undue hardship, to obtain the substantial equivalent by other means.  Rule 26(b)(3).  But where the work product privilege is waived, only the factual or "non-opinion" work product will be exposed.  *In re EchoStar Communications Corp*, 448 F.3d 1294, 1302 (Fed. Cir. 2006).  When the line between "factual" and "opinion" work product is not clear, a court "should balance the policies to prevent sword-and-shield litigation tactics with the policy to protect work product."  *In re EchoStar Communications Corp*, 448 F.3d at 1302.  Here, BASF has not proven a substantial need for the information requested in Interrogatory Nos. 15 and 16 in preparation of its case.  Aristo stated that any relevant information sought was not gathered until after the filing of the suit.  Considering the nature of the information sought, the work product privilege applies.

BASF also has objected to the adequacy of the answers to Interrogatory Nos. 18 and 19.  When a party asserts the opposing party's answers are evasive, incomplete, and non-responsive, the complaining party must indicate how the responses were deficient in order for the court to determine what additional information is being sought.  *Washington*, 232 F.R.D. at 9.  In light of the questions asked, Aristo gave sufficient answers.  Aristo stated the roles of each individual concerning the Aristo coater and the jobs each individual undertook.  If BASF desires more specificity of the dates and activities involved, it can seek such information in further discovery requests.  As for the question of "why" the former employees were utilized, the answer is complete.

BASF has requested Aristo to clarify its objections to Interrogatory Nos. 4, 8, 14, and 20. A party may move for an order to compel answers when such requests were not answered fully or if the requests were objected to and such objections were not stated with specificity. Rule 33(b)(3), (4). A party objecting to discovery bears the burden of sustaining such objections. *Ziemack*, 1995 WL 729295 at *1. BASF has claimed that, as a result of Aristo's deficient responses, it is unable to determine whether any information is being withheld based on the stated objections.

BASF has asserted that Aristo should have to clarify its objections in regards to Interrogatory Nos. 4 and 8. Once again, Aristo has claimed that these are contention interrogatories and are not proper at this time. Aristo responded to the interrogatories and incorporated its general objections. BASF now has claimed it does not seek a substantive answer to the interrogatories but rather a clarification of why Aristo objected to the interrogatories. Aristo gave an adequate answer, and no further clarification of its objections to the contention interrogatory is necessary.

Aristo supplemented Interrogatory No. 14 by referring BASF to certain documents. Aristo stated it was unclear as to what exactly BASF was seeking, and it does not seem that Aristo was withholding information in regards to Interrogatory No. 14. Aristo's supplemented answer to Interrogatory No. 14 is sufficient.

Aristo objected to Interrogatory No. 20 claiming it was "vague, ambiguous, overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence." Aristo supplemented its answer to include its belief that the information sought by the interrogatory was a "fishing expedition" by BASF. This court disagrees with Aristo. Identifying all the companies with which Aristo's President, Andreas Proimos, has a substantial working relationship is not overly broad, burdensome, vague, or a fishing expedition. BASF is entitled to a more complete response to Interrogatory No. 20.

Therefore, BASF's Motion to Compel Defendant to Answer Interrogatories is **GRANTED** with respect to Interrogatory Nos. 7, 9, 13, and 20, and **DENIED** with respect to Interrogatory Nos. 2, 3, 4, 5, 6, 8, 10, 11, 12, 14, 15, 16, 18, and 19.

BASF has sought to compel production of documents from Aristo. A party may move for an order to compel production where such requests were not answered fully or if the requests were objected to and such objections were not stated with specificity. Rule 33(b)(3), (4). An objecting party bears the burden of showing why a particular discovery request is improper. **Kodish v. Oakbrook Terrace Fire Protection Dist.**, 235 F.R.D. 447, 449-50 (M.D. Ill. 2006). Such objections must be shown with specificity, and that burden cannot be met by responding that the requested documents are "vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." ***Burky-***

13

*bile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, at *6 (N.D. Ill. Aug 2, 2006)(citations and interior quotations omitted).

Request Nos. 40-43 ask for Aristo's documents related to the damages caused by the alleged infringement of BASF's '210 patent. The requests ask for financial information "sufficient to identify" the number of coaters made and sold by Aristo (No. 40), information "sufficient to identify" the current inventory of Aristo Coater products (No. 41), financial information regarding Aristo's losses and profits in regards to the Aristo Coater and Aristo Coater products (No. 42), and Aristo's annual reports (No. 43).

The dispute over damages-related documents has evolved from Aristo first stating that the requests were "not reasonably calculated to lead to the discovery of admissible evidence," to Aristo later offering to provide "summary information sufficient to detail the financial information related to the Aristo Coater." Aristo has stated that the information will include the quantity of products manufactured, the type of products, the revenues received from the products sold, and the standard cost of raw goods. Additionally, Aristo has claimed that it does not track products according to which machine was used in their manufacture, and therefore, it has no responsive information to the requests for financial data regarding Aristo Coater products. BASF now contends that Aristo has yet to produce financial information regarding the Aristo Coater and such information offered is insufficient. BASF has asserted that it is entitled

to information regarding Aristo's sales (unit and dollar), costs (variable and fixed), pricing, and profits so as to develop its damages claim. BASF also has contended the information offered by Aristo will be insufficient to identify the value of the invention at issue in this case. This court disagrees. The financial information offered by Aristo should be sufficient to calculate the value of the invention, and Aristo is ordered to compile such information if it has not already done so.

Request No. 5 seeks the production of documents regarding the relationship of companies affiliated with Aristo's President, Proimos. Aristo has objected to this request claiming it is a "fishing expedition" and that the BASF has made no effort to connect its patent infringement allegations to Proimos or any company in which he has a business interest. However, BASF has made such a connection, stating that "it is clear from websites and third party discovery that at least one other co-owned company (AirTek) may be selling devices made with the infringing machine and were involved in creating the accused machine." The information sought by Request No. 5 is relevant to BASF's claim under Rule 26(b)(1) because it may lead to further infringement allegations against other companies. Therefore, Aristo is ordered to produce the documents requested under Request No. 5.

Aristo also objects to Request Nos. 6, 23, and 30-32, claiming they also are "fishing expeditions" and beyond the scope of this litigation. These requests seek documents "sufficient to identify" personnel that designed, developed, marketed, and sold

Aristo's device and products (No. 6), documents found during patent infringement and prior art searches (No. 23), and documents regarding infringement analyses and designs (Nos. 30-32). All of the stated requests are within the scope of this litigation in that they seek specific information regarding the time prior to and during the alleged patent infringement. Therefore, Aristo is ordered to produce the documents requested in Request Nos. 6, 23, and 30-32.

In regards to Request Nos. 19-22, 26, 27, 35-37, 44-45, 48-50, and 52-54, Aristo has stated that no such documents exist. It cannot be compelled to produce documents where no such documents exist. Therefore, the motion is denied as to these requests.

Request No. 1 asks Aristo to produce all documents relied upon in responding to interrogatories. BASF has claimed Aristo did not substantively answer this request and should indicate if such responsive documents exist and if so, whether Aristo will be producing such documents. Aristo has responded by stating the documents produced constitute the documents consulted in the preparation of its responses. Aristo's response is complete, and no further production of documents made under Request No. 1 is necessary.

Request No. 2 asks for all documents requested to be identified by BASF's First Set of Interrogatories. Aristo responded by stating that all documents requested were identified to the extent no objections were made to the request. Aristo further

supplemented its answer by stating that if it is ordered to provide any additional responses that include identification of additional documents, it will supplement its response to this request. After Aristo complies with this court's order to produce such documents, Request No. 2 will be adequately supplemented.

BASF claims Request Nos. 24, 25, 33, and 34 are directed to documents relevant to the litigation and should be produced. Aristo has claimed that BASF has used its document requests to disguise contention discovery, which is not appropriate at this time.

Request Nos. 24, 25, 33, and 34 do appear to be contention discovery disguised as document requests. The requests seek production of any documents relied upon for their contentions of the alleged invalidity of the '210 patent (Nos. 24 and 25), alleged non-infringement of the '210 patent (No. 33), and the claim construction for the '210 patent. Aristo also was asked to provide early contention arguments in BASF's Interrogatories. In fact, Request Nos. 24, 25, 33, and 34 mimic Interrogatory Nos. 2, 3, 5-7, 9, 10-12, and 13. This court finds in the interest of serving the twin aims of efficiency and fairness, Aristo must produce any documents relied upon in answering Interrogatory Nos. 2, 3, 5-7, 9, 10-12, and 13.

BASF's Motion to Compel Defendant to Produce Documents is **GRANTED** with respect to Document Request Nos. 1, 2, 5-6, 23-25,

30-34 and **DENIED** with respect to Document Request Nos. 19-22, 26-27, 35-37, 40-45, 48-50, and 52-54.

---

For the foregoing reasons, the Motion to Compel Defendant to Answer Interrogatories (DE 40) filed by the plaintiff, BASF Catalysts LLC, on April 18, 2008, is **GRANTED IN PART** and **DENIED IN PART** and the Motion to Compel Defendant to Produce Documents and Answer Document Requests (DE 41) filed by the plaintiff on April 24, 2008, is **GRANTED IN PART** and **DENIED IN PART.**

ENTERED this 23rd day of January, 2009

                                       s/ ANDREW P. RODOVICH
                                           United States Magistrate Judge