```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


BASF CATALYSTS LLC            )
                              )
        Plaintiff             )
                              )
     vs.                      )    CAUSE NO. 2:07-cv-222
                              )
ARISTO, INC.; VICTOR ROSYNSKY,)
                              )
        Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Bifurcate Trial and to Stay Discovery Relating to Damages [DE 67] filed by the defendant, Aristo, Incorporated, on July 17, 2008, and the Motion to Stay and/or Defer Ruling on Motions to Compel until Aristo's Motion to Bifurcate is Fully Briefed [DE 69] filed by Aristo on July 18, 2008. For the following reasons, the Motion to Bifurcate Trial and to Stay Discovery Relating to Damages [DE 67] is **DENIED,** and the Motion to Stay and/or Defer Ruling on Motions to Compel until Aristo's Motion to Bifurcate is Fully Briefed [DE 69] is **DENIED AS MOOT.**

Background

This cause of action involves a patent infringement claim made by the plaintiff, BASF Catalysts LLC, against the defendant, Aristo, Inc. BASF contends that it legally holds United States Patent No. 5,866,210 entitled "Method for Coating a Substrate" ("the '210 patent"). The '210 patent claims a unique method for coating a substrate having numerous channels with a coating media. BASF claims that Aristo uses the coating method protected

by the '210 patent to manufacture, market, distribute, and sell catalytic converters from one of its production lines. The catalytic converters made and sold by Aristo are in direct competition with those sold by BASF.

Aristo requests bifurcation of the issues of liability and damages and a stay of all discovery relating solely to damages. Aristo asserts that bifurcation will save time and litigation expenses, especially because this cause of action involves patent infringement. Aristo avers that discovery related to damages should be stayed to avoid wasted time, effort, and resources toward an issue that may be irrelevant if no liability is found. Aristo also expresses concerns over the revelation of trade secrets in damages discovery.

## Discussion

Rule 42(b) of the Federal Rules of Civil Procedure states:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counter-claims, third-party claims, or issues, always preserving the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Like all rules of civil procedure, this rule is applied in conjunction with Federal Rule of Civil Procedure 1, which instructs that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every

action." *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000). It first must be determined whether separate trials either would avoid prejudice to a party or promote judicial economy and then whether bifurcation would unfairly prejudice a party. Finally, a separation of trials may not violate the Seventh Amendment. *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999).

The party seeking bifurcation has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials based on the case's circumstances. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 2007 WL 3208540 at *1 (D. Ariz. Oct. 30, 2007)(*citing Novopharm Ltd. v. Torpharm, Inc.*, 181 F.R.D. 308, 310 (E.D. N.C. 1998)). Contrary to Aristo's assertion that bifurcation is "ideal" for patent infringement cases, "courts have repeatedly emphasized that whether to bifurcate a trial, even a patent trial, is always a question committed to the sound discretion of the trial court, and the court is expected to exercise its discretion on a case-by-case basis." *Laitram Corp. v. Hewlett-Packard Co.*, 791 F.Supp 113, 114 (E.D. La. 1992). Just as with other types of cases, separate trials for patent cases should be the exception, not the rule. *Real*, 195 F.R.D. at 620; *Laitram Corp.*, 791 F.Supp. at 114.

Aristo contends that bifurcation will simplify the issues presented to the jury and postpone, and possibly eliminate, the discovery and trial concerning damages. Postponement does not

equate with economy. In fact, many courts have noted that bifurcation can lead to additional discovery disputes that actually add time and costs to the litigation. *See, e.g., **Trading Technologies Intern., Inc. v. eSpeed, Inc.**,* 431 F.Supp.2d 834, 840 (N.D. Ill. 2006); ***William Reber, LLC v. Samsung Electronics America, Inc.***, 220 F.R.D. 533, 538 (N.D. Ill. 2004), *vacated in part by **William Reber, LLC v. Sony Ericsson Mobile***, 2004 WL 2535074 (N.D. Ill. 2004); ***Maxwell Chase Technologies, L.L.C. v. KMB Produce, Inc.***, 79 F.Supp.2d 1364, 1374 (N.D. Ga. 1999); ***F & G Scrolling Mouse, L.L.C. v. IBM Corp.***, 190 F.R.D. 385, 395 (M.D.N.C. 1999); ***THK America, Inc. v. NSK Co. Ltd.***, 151 F.R.D. 625, 633 (N.D. Ill. 1993)(all noting same). In ***Trading Technologies,*** the court stated:

> Given the nature of this case thus far, we would not be surprised if the parties engaged in extensive motion practice wrangling over whether certain pieces of discovery were applicable to the liability case or the willfulness/damages case. Thus we do not think that defendants have carried their burden of establishing that bifurcation of discovery and trial would promote judicial efficiency.
>
> 431 F.Supp.2d at 840

A similar result seems likely here based upon the two motions to compel already filed by BASF.

When weighing the competing interests under Rule 42(b), "prejudice is the Court's most important consideration." ***Bard Peripheral Vascular***, 2007 WL 3208540 at *1 (*citing **Laitram Corp.,*** 791 F.Supp. at 114). This requires a balancing of two types of prejudices: first, the possible prejudice of jury confusion on

4

complex issues if bifurcation is denied, and second, the prejudice of considerable delay resulting if bifurcation of liability and damages is granted. *Real*, 195 F.R.D. at 621. The first can be tempered with cautionary warnings, limiting instructions, special verdict forms, and other jury instructions, but the second only can be cured by denying bifurcation. *Real*, 195 F.R.D. at 621.

Aristo asserts that the complexity of this patent infringement claim will cause the first type of prejudice, jury confusion. However, BASF's claim is that Aristo has utilized a single machine over a limited time period that infringes a single, straight-forward patent. Aristo has exaggerated its description of the complaint as "a 52 paragraph Amended Complaint." The Amended Complaint is nine pages long, including its signature and certificate of service pages, and is simple and straightforward. Likewise, the complaint about "77 Interrogatories, 218 Requests for Production, in excess of 15,000 pages produced this far" fall far short of eliciting visions of a Brobdingnagian[1] discovery burden. *Cf. Real*, 195 F.R.D. at 621 ("[T]he court ordered separate trials on the issues of liability and damages when the defendant represented to the court that to resolve the damage issue will require a review of *millions* of documents . . . .") (emphasis added). Aristo has not convinced the court that the extent of discovery here exceeds what is normal for civil litiga-

---

[1]Tip of the hat to Judge Richard Posner. See *Stark Trading v. Falconbridge Ltd.*, 552 F.3d 568, 569 (7th Cir. 2009) (describing a 289 paragraph, 85 page complaint as "Brobdingnagian").

tion in general and creates the potential for jury confusion due to the complexity of issues. However, the second type of prejudice caused from delay is evident in the slow progress in this cause of action due to discovery disputes and this motion to bifurcate. Only the denial of bifurcation can cure such prejudice for BASF, the non-moving party.

Separate trials are ordered only under extenuating circumstances:

> Those extenuating circumstances include a) a need for voluminous documents to resolve damages issues; b) complex infringement issues; c) multiple patents, infringing products, claim[s], counterclaims, or parties; or d) the probability that the defendant would prevail on the infringement issue, thereby eliminating the need to address the issue of damages.
>
> *Real,* 195 F.R.D. at 621

See also *Trading Technologies*, 431 F.Supp.2d at 839-40 (reciting same).

*Real* discussed these factors and concluded that bifurcation was not warranted. Because *Real* represented "one of the smaller and more simple patent cases . . . involv[ing] one patent, one claim and one allegedly infringing product," the court found that no extenuating circumstances existed. 195 F.R.D. at 622. In *Real*, the court found "no evidence to suggest that this computation [of damages] is more unusual, complex or complicated than the average patent case." 195 F.R.D. at 622. The court also noted that though the possibility that the defendant in *Real* would prevail and eliminate the need to conduct damages-related

6

discovery, there was no reason to assume such a victory and preclude the normal course of discovery as in any other litigation. *Real*, 195 F.R.D. at 623.

Likewise, the court finds no evidence that the case at hand involves anything more than a simple patent case involving one patent, one claim, and one allegedly infringing product. Aristo has failed to demonstrate that the damages computation will be more unusual, complex, or complicated than the average patent case. The discovery is not more voluminous than any other civil case, whether patent or otherwise. Although Aristo is correct that if no liability for infringement is found there would be no need for damages discovery, Aristo has not presented any evidence to suggest it will prevail on the merits.

Speed and efficiency are not synonymous. Though Aristo may be correct in the assertion that bifurcating all discovery of damages issues will result in greater speed in getting to trial on the liability issue, it does not mean that such a process will be more efficient. Based upon the motions to compel already filed, there exists the likelihood that bifurcation would result in more contentiousness in the discovery process, forcing the court to review discovery requests to determine which issue is applicable. Visiting the issues as a whole and only once indeed appears the more efficient plan. Although Aristo is correct that damages discovery is wasted effort if no liability is found, this applies equally to all liability-based litigation and is not a convincing argument on a straightforward patent infringement

claim such as presented here.  Lastly, Aristo's concerns that damages-related discovery will reveal trade secrets disregards the court-approved protective order already in place here.  Aristo has failed to show the need for any extra protection for its trade secrets.  Because Aristo failed to carry its burden of proving prejudice or promotion of judicial economy, there is no need to address the possibility of a Seventh Amendment violation.

_____

For the foregoing reasons, the Motion to Bifurcate Trial and to Stay Discovery Relating to Damages [DE 67] filed by the defendant, Aristo, Incorporated, on July 17, 2008, is **DENIED**, and the Motion to Stay and/or Defer Ruling on Motions to Compel until Aristo's Motion to Bifurcate is Fully Briefed [DE 69] filed by Aristo on July 18, 2008, is **DENIED AS MOOT.**

ENTERED this 2nd day of March, 2009

                                    s/ ANDREW P. RODOVICH
                                      United States Magistrate Judge