UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BASF CATALYSTS LLC, | ) |
| | ) |
| Plaintiff/Counter Defendant, | ) |
| | ) |
| v. | ) CAUSE NO. 2:07-cv-222-PPS- APR |
| | ) |
| ARISTO INC, and VICTOR ROSYNSKY, | ) |
| | ) |
| Defendants/Counter Claimants. | ) |

OPINION AND ORDER

The matter is before the court on Aristo, Inc.'s Motion For Leave to Amend Its Counterclaims [DE 112] filed on February 5, 2010. For the following reasons, the motion is **GRANTED.**

Background

On July 6, 2007, the plaintiff, BASF Catalysts LLC, filed its patent infringement Complaint alleging that the defendant, Aristo, Inc., had willfully and unlawfully copied United States Patent No. 5,866,210 entitled "Method for Coating a Substrate" (the '210 patent). BASF's '210 patent is used in the marketing and manufacturing of catalytic converters in automobiles, and Aristo is in direct competition with BASF. Patent '210 was submitted for application by Engelhard Corporation, predecessor in interest to BASF.

On August 27, 2007, Aristo filed its Answer and Counterclaims challenging the validity of the '210 patent. In its Answer, Aristo pleaded as an affirmative defense that the '210 patent was unenforceable because of inequitable conduct that occurred during the prosecution of the '210 patent application. The current Motion for Leave to Amend is

1

centered on this alleged inequitable conduct which Aristo wishes to assert now as a counterclaim. Expert discovery closed in this case on January 29, 2010.

Aristo's Motion For Leave to Amend Its Counterclaims argues inequitable conduct by the attorneys for Engelhard, Richard Negin, and Allen Kipnes, because they failed to disclose material patent No. 4,550,034 (the '034 patent) in the application for the '210 patent. The Patent and Trademark Office ("PT0") requires that "[E]ach *individual* associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability[.]" **37 C.F.R. § 1.56(a)**(emphasis added)**.** Aristo alleges that failing to disclose the '034 patent was a deliberate attempt to deceive the PTO and therefore affects the validity of the '210 patent, which in turn affects claims 1 through 11 pleaded by BASF. (Def.'s Ans. Am. Countercls. ¶ 13, "claim chart").

BASF argues in its response that in Engelhard's '210 patent application, it referred the PTO examiner to patent No. 4,609,563 (the '563 patent), and within the '563 patent application it discussed the '034 patent. BASF argues that, "[i]t is not possible for the examiner to have considered the '563 patent without also considering the '034 patent, because the '563 patent discusses the '034 patent." (Pl's Resp. Mot. Am. Countercl. p. 7.) BASF further contends that the '210 patent so differs from the '034 patent in purpose: the '034 patent was meant to improve the coating process by providing precision coating of a substrate with a catalyst-containing slurry, a process then improved upon and advanced by the '563 patent. In contrast, the '210 patent involves the use of a vacuum to control the amount of slurry pulled up into the substrate. Therefore, the '210 patent is a

new advance over the '034 patent, which explains the absence of any reference to the '034 patent in the '210 patent application, and any mention of the '034 patent would have been immaterial.

BASF also argues that the inequitable conduct counterclaim was unduly delayed by Aristo because the claim is "based on evidence that has been available for an extremely long time." (Pl's Resp. Mot. Am. Countercl. p. 10.) BASF asks the Court to deny the motion as futile.

Discussion

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." ***Foman v. Davis,*** 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d. 222 (1962). Because the complaint merely serves to put the defendant on notice, it should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant. ***Jackson v. Rockford Housing Authority***, 213 F.3d 389, 393 (7th Cir. 2000).

The court may deny leave because the amendment is futile. ***Bethany Pharmacal Co., Inc. v. QVC, Inc.,*** 241 F.3d 854, 861 (7th Cir. 2001). Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). ***Peoples v. Sebring Capital Corp.,*** 209 F.R.D. 428, 430 (N.D. Ill. 2002). If the proposed amendment is not clearly futile, denying leave to amend on this ground would be improper. *See* Wright & Miller, 6 Federal Practice & Procedure § 1487, at 637-42 (2d ed. 1990) ("If the proposed change clearly is frivolous or advances a

claim or defense that is legally insufficient on its face, the court may deny leave to amend.").

Also, leave to amend may be denied at the district court's discretion for untimeliness. Such reasons include undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party. **Foman v. Davis,** 371 U.S. at 182. *See also* **Jackson,** 213 F.3d at 393 ("The general rule that amendment is allowed absent undue surprise or prejudice to the plaintiff is widely adhered to by our sister Courts of Appeal.")

In this case, BASF contends that Aristo unduly delayed making its allegation of inequitable conduct because the evidence has been available for "an extremely long time." However, BASF cites no dates nor offers any time table as a foundation for these contentions. Aristo maintains that the proper pleading of the inequitable conduct counterclaim required waiting until expert discovery closed on January 29, 2010, and that it filed this Motion to Amend only seven days later.

The passage of time, by itself, does not necessarily indicate undue delay. *Compare* **The Braun Corp. v. Vantage Mobility Intern., LLC,** 2010 WL 403749, * 2 (N.D. Ind. Jan. 27, 2010) (finding no undue delay where discovery ended and more than thirty days had passed prior to filing its motion for leave to amend the complaint and add an inequitable conduct claim, especially keeping in mind Federal Rule of Civil Procedure 11) *with* **James v. McCaw Cellular Communications, Inc.,** 988 F.2d 583, 587 (5th Cir. 1993) (explaining the district court did not abuse its discretion in denying motion to amend where motion was filed almost fifteen months after original complaint, five

4

months after the deadline for amendments, and three weeks after opposition filed a motion for summary judgment).

Here, as in *Braun,* the amendment involves a claim of inequitable conduct. Inequitable conduct requires a higher pleading standard. *See **Exergen Corp. v. Wal-Mart Stores, Inc.,*** 575 F.3d 1312, 1325-28 (Fed. Cir. 2009) (explaining that inequitable conduct must be pled with particularity under Federal Rule of Civil Procedure 9(b)). Aristo, in waiting for expert discovery to close before filing its Motion for Leave to Amend, appears to have acted in good faith, especially considering that no dispositive motions have been filed and no trial date set. Also, Aristo pleaded inequitable conduct in its original answer as an affirmative defense, so no prejudice or surprise can be found. Further, Aristo's timely filing its Motion to Amend upon the close of discovery does not indicate undue delay. *See, e.g., **The Braun Corp.,*** 2010 WL 403749 at * 5 (finding no undue burden, prejudice, or surprise where counterclaim was filed after discovery deadline because no trial date had been set and where the plaintiff had been on notice of the inequitable conduct charge in the early stages of litigation).

In order for Aristo to claim inequitable conduct it must show sufficient facts which allow the inference that a person (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the United States Patent Office. ***Exergen Corp.,*** 575 F.3d at 1328-29. Federal Rule of Civil Procedure 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "Inequitable conduct, while a broader concept than fraud, must be

pled with particularity under Rule 9(b)." *Exergen Corp.,* 575 F.3d at 1326 (quoting *Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., LLC.,* 350 F.3d 1327, 1344 (Fed. Cir. 2003)).

However, "[t]he heightened pleading requirements of Rule 9(b) do not require that [the movant] definitively prove the merits of its claim . . . what is determinative here is that [the non-movant] was given fair notice of the basis for [the movant's] inequitable conduct defense." *Lincoln Nat. Life v. Transamerica Financial Life Ins. Co.*, 2009 WL 4547131 at *2 (N.D. Ind. Nov. 25, 2009) (quoting *WesternGeco v. Ion Geophysical Corp.,* 2009 WL 3497123, *7 (S.D. Tex. Oct. 28, 2009)). This heightened standard for pleading inequitable conduct in patent cases requires specificity by the alleging party as to who, what, when, where, and how the material misrepresentation or omission was committed before the PTO. *Exergen Corp.,* 575 F.3d at 1327 (relying on *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). Each condition of the *Exergen* standard must be established along with the scienter for the inequitable conduct claim.

In *Exergen,* the court found the "who" component insufficient because the pleading party only had identified "Exergen, its agents/or attorneys" as the misrepresenting parties. *Id.* at 1329; *but cf. The Braun Corp.,* 2010 WL 403749 at * 5 (holding the "who" standard sufficiently pled because the amendment specifically named the individuals who allegedly withheld information regarding the material prior art from the PTO). In this case, Aristo has identified the attorneys for BASF, Richard Negin, and Allen Kipnes, as the individuals responsible for prosecuting the '210 patent and committing the alleged inequitable conduct. Naming the specific parties who withheld reference to the '034 patent satisfies the "who" component.

6

The Federal Circuit in *Exergen* held the "what" component was lacking because of the vagueness in the pleading concerning what claims were relevant to the withheld reference. *Exergen Corp.,* 575 F.3d at 1329; *but cf. The Braun Corp.,* 2010 WL 403749, * 5 (finding the "what" component of the pleading was sufficient in showing because the pictorialization withheld from the PTO was relevant to claims 1, 8, 10, 21, and 22, and therefore pled with specificity). Aristo's reply brief contends that all claims against it, 1 through 11, are affected by the validity of the '210 patent, and BASF's omission of the '034 patent during the '210 patent's prosecution shows a failure to deal in good faith with the PTO. Here, Aristo has fulfilled the "what" component by identifying the claims, 1 through 11, and the patents, '210 and '034, which are relevant to those claims.

Third, the "when" component was identified by Aristo as occurring during the pending '210 patent application, from June 21, 1996 through February 2, 1999, and particularly in the disclosure statements filed by BASF on August 1, 1996, and February 3, 1998. Alleging the exact dates and documents containing the inequitable conduct satisfies the "when" portion of the *Exergen* standard.

In *Exergen,* the court found the "where" component lacking, in part because the pleading failed to identify the claim limitations which were absent from the information of record. *Exergen Corp.,* 575 F.3d at 1329-30. Here, Aristo has provided the material information. It is outlined in detail in its "claim chart" contained within its Answer.[1]

---

1     The following are excerpts from Aristo's Answer and First Amended Counterclaims "claim chart":

    BASF Claim #2 under '210 patent: The method of claim 1 further comprising drying the coated substrate.
    Patent '034 claims: The coated substrate is dryed

    BASF Claim #3 under '210 patent: The method of claim 2 comprising after the substrate has been removed from the bath, continuing to apply a vacuum to the substrate.

The "claim chart" compares claims 1 through 11 by way of a side-by-side illustration of the alleged claims of BASF under the '210 patent with the processes the '034 patent was meant to protect. The similarity between the processes the '034 patent seeks to protect and the claims levied against Aristo under the '210 patent is striking and satisfies the "where" component

Next, the pleading must show "how" the reasonable PTO examiner would have used the absent information in assessing the patentability of the process and "why" the information is material and not cumulative. *See id.* (explaining both how and why are necessary ingredients to a sufficient allegation); *see generally* **Larson Mfg. Co. v. Aluminart Prods. Ltd.,** 559 F.3d 1317, 1333 (Fed. Cir. 2009) (explaining information is cumulative to the prosecution of a patent when the withheld art protects the same combination of claims or processes already referenced); *see also* **37 C.F.R. § 1.56(b)(1)** (material information "establishes by itself or in combination with other information, a prima facie case of unpatentability of a claim").

BASF argues that the '034 patent is cumulative to the referenced '563 patent within the '210 prosecution, because the '034 patent uses a similar coating process to the '563 patent and controls the amount of excess of substrate with a catalyst-containing slurry. In contrast, Aristo contends the '034 patent is not cumulative and is material

---

Patent '034 claims: After the substrate has been removed for the bath, vacuum is continuously applied to the substrate.

BASF Claim #6 under '210 patent: [c]omprising applying the vacuum to the partially immersed substrate for from about 1 to 3 seconds
Patent '034 claims: The vacuum is applied to the partially immersed substrate for about 1 to 8 seconds.

(Aristo's Ans., ¶ 13, pp. 20-23).

because the referenced '563 patent in BASF's application is not as inherently similar to the '210 patent as the '034 patent, and that had the PTO examiner known of the '034 patent claims he would not have allowed the claims in the '210 patent application. Each original claim by BASF, 1 through 11, is impacted by the validity of the '210 patent. Therefore, Aristo adequately pleads a detailed "how" and "why" and raised an argument of fact touching on all claims.

Lastly, a sufficient allegation of inequitable conduct must show with particularity the intent to deceive the PTO office. ***Exergen Corp.,*** 575 F.3d at 1327. In the pleading stage, the intent need not be proven by clear and convincing evidence, but an inference of deception must be reasonably alluded to by the allegations. ***The Braun Corp.,*** 2010 WL 403749 at * 8 (citing ***Exergen Corp.,*** 575 F.3d at 1329 n.5).

Aristo infers that the intent to deceive the PTO is evidenced by BASF's affirmative omission of material and non-cumulative information, the '034 patent, during the '210 patent prosecution. Aristo maintains that while BASF was prosecuting the '210 patent, three other patents relating to the coating of catalyst supports also were prosecuted by BASF and each one included a reference to both the '563 patent and the '034 patent. However, the '210 patent only included a reference to the '563 patent. This omission, which may have prevented a reasonable PTO examiner from granting the '210 patent, fulfills the pleading stage's requirement as to the second prong of the equitable conduct counterclaim. On the face of the allegation, Aristo has satisfied the ***Exergen*** standard for pleading inequitable conduct by inferring deception.

Consequently, the amendment is not futile. Given the liberal standard that applies in granting a motion to amend to ensure the interests of justice are met, the seriousness of

this claim, and the potential impact of this allegation upon every claim brought against Aristo, in this case, the Court **GRANTS** the motion to allow the amended counterclaim.

_____

For the foregoing reasons, Aristo, Inc.'s Motion for Leave to Amend Its Counterclaims [DE 112] is **GRANTED.**   Aristo is **DIRECTED** to file separately the full amended pleading attached as Exhibit 1 to the memorandum in support of its motion.

**ORDERED** This 23rd day of July, 2010.

/s/ Andrew P. Rodovich
United States Magistrate Judge