UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BASF CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:07 CV 222  PPS |
| ) | |
| ARISTO, INC. and VICTOR ROSYNSKY, ) | |
| ) | |
| Defendants. ) | |

**OPINION and ORDER**

Before the Court is Defendant Victor Rosynsky's Motion for Reconsideration.  [DE 255.] Rosynsky's Motion for Summary Judgment of Non-Infringement was denied, and Rosynsky asks that I reconsider this denial.  As explained below, the Motion for Reconsideration will be granted in part and denied in part.

A motion for reconsideration may be brought "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).  Such motions cannot be used to introduce new evidence or legal theories that could have been presented earlier or to relitigate old theories already presented to the court.  *Id.* at 1269.  Given their limited purpose, courts rarely grant motions to reconsider. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

For a more extensive discussion of this case I direct readers to my September 7, 2011 claims construction opinion [DE 161] and my May 29, 2012 summary judgment opinion [DE 252].  For present purposes it is enough to say that BASF has brought two claims of infringement against Rosynsky for the alleged infringement of its '210 patent:  one for direct

infringement – which it also brings against Defendant Aristo, Inc. – and one for induced infringement – which is brought solely against Rosynsky. Rosynsky argues that the opinion denying his motion for summary judgment didn't sufficiently distinguish between him and Aristo in the infringement analysis. Upon reflection, I have concluded that Rosynsky is correct that there was an error of law in denying summary judgment on the direct infringement claim, but not with respect to the inducement claim.

The '210 patent is a process patent that teaches a method of coating ceramic substrates with a "uniform coating profile" that then become the core component of catalytic converters. The Federal Circuit has made it clear that "a method or process claim is directly infringed only when the process is performed." *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993). *See also Standard Havens Products, Inc. v. Gencor Industries Inc.*, 953 F.2d 1360, 1374 (Fed. Cir. 1991) (a method or process claim is directly infringed only when the process is performed). Thus, direct infringement of the '210 patent occurs only when the process of coating the ceramic substrates is *performed*. That is exactly what Aristo is alleged to have done here, and there is no doubt that it has performed a process of coating ceramic substrates – the only question, which a jury will decide, is whether Aristo's process infringes BASF's patented process.

But did Rosynsky himself *perform* a process of coating ceramic substrates? There is simply no evidence presently before me indicating that he did. In the course of the summary judgment briefing, Rosynsky submitted a declaration stating that, after he left his employment at Engelhard (which later became part of BASF) in 2000, he "never coated any substrates or catalytic converters and [has] never been present when [Aristo] coated substrates." [DE 189-1 at 1.] Rosynsky did admit that he helped design the MISO Coater machine that Aristo uses to

produce its substrates, helped build it, and instructed the operators about how to create the products. [*Id.*] But none of that undermines his statement that he never *performed* the process, and BASF has offered scant evidence to support its position. In the summary judgment briefing, BASF argued:

> Mr. Rosynsky designed and helped build the MISO Coater and instructed the operators on how to make the product, including writing the operating manual. Mr. Rosynsky also trained the operators at Aristo who would later run the MISO Coater. At a minimum, during his set-up work and while training the new operators, he directly infringed the '210 Patent by using the MISO Coater to coat substrates.

[DE 194 at 39.] Similarly, in the motion for reconsideration briefing, BASF contended:

> There is a triable issue of fact as to whether Mr. Rosynsky ran the '210 Patent's process while drafting the operating manual and checklist. There is also a triable issue of fact as to whether Mr. Rosynsky ran the '210 Patent's process while training the operators. It is highly unlikely that Mr. Rosynsky was able to accomplish all of those tasks without verifying himself that the MISO Coater's process worked correctly.

[DE 265 at 7.]

None of this is evidence of direct infringement; it's just speculation. The tip-off is the use of the phrase "it is highly unlikely" in the preceding quote. The best evidence that BASF has is that Rosynsky trained Aristo's operators, but it doesn't necessarily follow that he actually performed the process while he was doing this. So, while much of this speculation may constitutes circumstantial evidence of *inducement* infringement (*i.e.*, aiding Aristo in its alleged efforts to infringe), a direct infringement claim requires evidence that Mr. Rosynsky actually performed the '210 process. BASF has produced no evidence that Rosynsky ever performed that process, and Rosynsky himself has explicitly denied doing so. I therefore find that Rosynsky is entitled to summary judgment on the claim of direct infringement.

As to the induced infringement claim against Rosynsky, "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Liability under § 271(b) "requires knowledge that the induced acts constitute patent infringement." *Global–Tech Appliances, Inc. v. SEB S.A.*, __ U.S.__, 131 S.Ct. 2060, 2068, (2011). Intent is required for an inducement claim, but "willful blindness" – *i.e.*, "one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts" – is sufficient to establish intent. *Id.* at 2070-71. Moreover, "[w]hile proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). What's more, the Federal Circuit has construed the term "induce" relatively broadly: "the term is as broad as the range of actions by which one in fact causes, or urges, or encourages, or aids another to infringe a patent." *Tegal Corp. v. Tokyo Electron Co., Ltd.*, 248 F.3d 1376, 1379 (Fed. Cir. 2001) (quoting *Fromberg, Inc. v. Thornhill*, 315 F.2d 407, 411 (5th Cir. 1963)).

BASF argues that Rosynsky may be held liable for inducement infringement because he designed the machine, trained the operators, oversaw its operations, and received compensation from Aristo for the work that ultimately infringed the '210 Patent. And certainly there is evidence that Rosynsky acted intentionally, as he well knew that his work on the Aristo's coater might cause Aristo to infringe on the '210 patent. After all, he was one of the original inventors of the '210 patent and he later assigned its rights over to his then-employer Engelhard (BASF's predecessor).

For his part, Rosynsky admits that he participated in all of this – *i.e.*, he actively induced the creation and operation of the MISO Coater – but argues that he never actively induced the

production of a substrate with a "uniform coating profile," which is the *sine qua non* of direct infringement in this case. But that argument slices the inducement question too thinly. If Rosynsky caused, or urged, or encouraged, or aided Aristo in infringing BASF's patent, either intentionally or as a result of willful blindness, he can be liable for induced infringement – and whether he did so is a factual question for the jury to decide. *See, e.g., Global–Tech*, 131 S.Ct. at 2071 ("The jury could have easily found that before April 1998 Pentalpha willfully blinded itself to the infringing nature of the sales it encouraged Sunbeam to make."). This is particularly true given that BASF can rely on circumstantial evidence in making its case. *MEMC*, 420 F.3d at 1378. I therefore see no error in my conclusion that he wasn't entitled to summary judgment on the question of inducement.

Therefore, Defendant Victor Rosynsky's Motion for Reconsideration [DE 255] is **GRANTED in part** and **DENIED in part**, consistent with this Opinion.

**SO ORDERED**.

ENTERED: June 26, 2012

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT