**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| BASF CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:07 CV 222  PPS |
| | ) | |
| ARISTO, INC. and VICTOR ROSYNSKY, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION and ORDER**

Before the Court is Defendant Aristo, Inc.'s Motion for Bifurcation (Phased) of the Trial

on Infringement from Willfulness and Damages.  [DE 284.]

This is a patent infringement case in which BASF claims that Aristo infringed its "'210

patent," which teaches a method of coating ceramic substrates with a "uniform coating profile"

that then become a core component of catalytic converters.  Trial is scheduled to begin in a little

more than two weeks, and, pursuant to Federal Rule of Civil Procedure 42, Aristo has asked that

the trial be bifurcated into two phases: a first phase limited strictly to addressing whether the

allegedly infringing substrates it has produced contain a "uniform coating profile" and a second

phase of the trial (if necessary) that would address questions of willfulness and damages.

Plaintiff BASF is amenable to bifurcating the case more broadly, with phase one addressing

liability (including willfulness) and phase two addressing damages.  As explained below,

Aristo's motion for bifurcation will be granted in part and denied in part.

Rule 42(b) states that "[f]or convenience, to avoid prejudice, or to expedite and

economize, the court may order a separate trial of one or more separate issues, claims,

crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "Under Rule 42(b), a

district court has broad discretion in separating issues and claims for trial as part of its wide

discretion in trial management." *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212

(Fed. Cir. 1987).

As noted, both sides here are amenable to bifurcation, they just disagree as to the exact

contours of the split. The central disagreement comes down to BASF's ability to make its case

that Aristo willfully infringed its patent. BASF hopes to make this case because if willfulness is

found the Court is authorized to treble the damages. *See* 35 U.S.C. § 284. Aristo argues that any

discussion of willfulness will be unduly prejudicial and cloud the central infringement issue of

this case. Aristo would prefer that the liability phase be severely limited – basically just the

question of whether its substrates have a uniform coating profile and thus infringe the '210

patent.

Aristo seems to believe that this entire trial could be decided simply by holding up an

Aristo substrate and asking the jury if it has a "uniform coating profile." *See* DE 284 ("It is

either a 'uniform coating profile' or it isn't."). That position is too reductionist. BASF has to be

able to explain its case to the jury, which includes setting up the factual background and context

of its direct claim against BASF and its inducement claim against Victor Rosynsky. This means

allowing BASF to present "evidence about the patented technology, the products, and the

industry." [DE 299 at 8.] That is all necessary and relevant background to understanding what

the '210 patent is, what a catalytic converter is, what a substrate is, what the uniform coating

profile is, whether Aristo has performed a process by which a substrate with uniform coating

profile has been produced, and whether Rosynsky encouraged or aided in that infringement.

Evidence about the design, construction, and operation of Aristo's MISO Coater machine is also

fair game as helpful background for the jury to understand the process of producing the allegedly

infringing products.

Moreover, Aristo's position is somewhat confusing because it's not clear exactly what

evidence goes directly to the willfulness issue that could be easily separated from the ultimate

question of infringement.  I think this is as close as Aristo gets to identifying what it believes

would be willfulness-specific evidence that could be saved for a second phase of trial:

> The hiring of Rosynsky, his former status, BASF's internal machine, BASF's
> actual commercial process, damages, the use of MPT to build the MISO, whether
> or not the MISO machine looks similar to BASF's commercial machine, whether
> or not Aristo, MPT and/or Rosynsky did or did not show the MISO to BASF,
> Aristo's, Vange and Andy Proimos's plans or intent, etc., do not actually answer
> the only relevant question, which is whether or not Aristo's profiles fit the Court's
> definition of the claims of the '210 patent.

[DE 303 at 3.]  I disagree, as I believe that, except for damages, that list identifies factual

elements that are fair game for BASF to use to make its case either against Aristo on direct

infringement or against Rosynsky on induced infringement (or both).

I do agree, however, that any evidence as to the damages that flow from the alleged

infringement will be reserved for a second phase of the trial after the jury has reached a verdict

on liability.  Let me be as clear as possible about what this delineation will look like.  In

establishing the potential damages in this case, both sides have hired experts to engage in the

hypothetical exercise of attempting "to ascertain the royalty upon which the parties would have

agreed had they successfully negotiated an agreement just before infringement began." *Lucent

Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009).  Those damages experts will

not testify until the second phase of trial (if that phase is necessary).  All other factual issues,

including issues that may have a bearing on the factual backdrop that enabled the expert's to

arrive at their royalty conclusion, will be proffered in the first phase of the trial.  For example,

one major dispute between the damages experts is the extent to which Aristo's intent to enter the

Original Equipment Manufacturer ("OEM") market effects the calculation of the hypothetical

royalty rate.  Evidence from Aristo's owners and employees about that intent will be permitted in

the first phase of the trial.

One further note on the issue of willfulness.  The Federal Circuit established the test for

willful infringement in *In re Seagate Tech.*, 497 F.3d 1360 (Fed. Cir. 2007).  In *Seagate*, the

Federal Circuit held that to establish willful infringement, "a patentee must show by clear and

convincing evidence that the infringer acted despite an objectively high likelihood that its actions

constituted infringement of a valid patent."  *Id.* at 1371.  If that threshold hurdle is met, then the

patentee must also prove "that this objectively-defined risk . . . was either known or so obvious

that it should have been known to the accused infringer." *Id.*  So under *Seagate* there is both an

objective and subjective component to proving willfulness.

Earlier this month, however, the Federal Circuit further clarified the willfulness standard

in *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, __ F.3d __, 2012 WL

2149495 (Fed. Cir. 2012).  According to *Bard*, a willfulness determination should be sent to the

jury only when a judge has decided, as a matter of law, that there is clear and convincing

evidence that a defendant's conduct in using an allegedly patented process was objectively

reckless.  *Id.* at *3.  In other words, the first prong of the *Seagate* willfulness standard – the one

dealing with objective recklessness – is a matter for the court to decide.  As a result, in order to

send the issue of willfulness to the jury, I would have to find that Aristo's defenses to its conduct

– its arguments, for example, that its substrates don't infringe the '210 patent or that the '210

patent was invalid or that its construction of the '210 patent's claims were valid – are all

"objectively baseless." *Id.*

Aristo never moved for summary judgment on the issue of willfulness, so I will have to

wait and see what BASF comes up with at trial to prove the issue. The proof will be in the

pudding. But I am mindful of what *Bard* now mandates. Pursuant to Federal Rule of Civil

Procedure 50, I will reserve ruling on the issue of willfulness until BASF has had an opportunity

to present its evidence at trial. At that time – with the benefit of having seen and heard the

evidence – I can then decide the willfulness issue by revisiting the defenses raised by Aristo both

at the claims construction hearing and in summary judgment in order to determine whether

Aristo acted in an objectively reckless way.

Therefore, Defendant Aristo, Inc.'s Motion for Bifurcation (Phased) of the Trial on

Infringement from Willfulness and Damages [DE 284] is **GRANTED in part** and **DENIED in

part**, consistent with this Opinion.

**SO ORDERED**.

ENTERED: June 29, 2012

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT